IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME PERKINS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.: |
| ARGONAUT INSURANCE COMPANY ARGO GROUP US, INC., and ARGONAUT MANAGEMENT SERVICES, INC., | § § § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants in the above-entitled and numbered action, Argonaut Insurance Company, Argo Group US, Inc. and Argonaut Management Services, Inc. (collectively, "Defendants"), file this Notice of Removal from Texas state court in accordance with 28 U.S.C. §§ 1331, 1441, and 1446, and in support thereof, Defendants respectfully show the following:

### I.   INTRODUCTION

Defendants remove this Texas state-law employment action brought by Plaintiff Jaime Perkins under 28 U.S.C. § 1331 and 1441(a) based upon federal question jurisdiction. Perkins' Original Petition alleges violations of the Equal Pay Act (29 U.S.C. § 206(d)), as well as a state law common law tort claim of defamation. Defendants accordingly remove Perkins' state court action based upon federal question jurisdiction, and they do so within the required thirty-day period for removal.

## II.     FACTUAL BACKGROUND

On June 24, 2016, Plaintiff Jaime Perkins filed a lawsuit against Defendants in the 334th Judicial District Court in Harris County, Texas.  Ex. A, Pl.'s Orig. Pet.  On July 8, 2016, Defendants Argonaut Insurance Company and Argo Group US, Inc. were served with Plaintiff's Original Petition.  *See* Ex. B, Citation & Aff. of Service.  Defendants Argonaut Insurance Company and Argo US, Inc. thereafter timely filed their General Denial and Defenses in Texas state court on July 29, 2016.  *See* Ex. C, Argonaut Insurance Company's and Argo Group US, Inc.'s Gen. Denial & Defenses.  On August 4, 2016, Plaintiff filed her First Amended Petition and Request for Disclosure, which adds Defendant Argonaut Management Services, Inc. *See* Ex. D, Pl.'s First Amend. Pet. and Req. for Disclosure ("Pl.'s Amend. Pet.").  Defendant Argonaut Management Services, Inc. thereafter timely filed their General Denial and Defenses in Texas state court on August 5, 2016.  *See*, Ex. E, Argonaut Management Services, Inc.'s Gen Denial & Defenses.  Perkins' lawsuit is styled *Jaime Perkins v. Argonaut Insurance Company, Argo Group US, Inc., and Argonaut Management Services, Inc.,* Cause No. 2016-43153, and alleges statutory violations of the Equal Pay Act and a claim for defamation under Texas common law.  Ex. D, Pl.'s Amend. Pet. at ¶¶ 58 to 69.

## III.     ARGUMENTS & AUTHORITIES

### A.     *Court Has Federal Question Jurisdiction for the Equal Pay Act Claim*

Removal of this instant case is appropriate because Perkins seeks relief under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "A case 'arises under' federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (internal quotations removed). Where, as here, a plaintiff's statement of her own cause of action shows it is based on federal law, the plaintiff has raised a federal question permitting removal to federal court. *See PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005). Indeed, in the present case, Perkins states on the face of her Petition that one of her claims arises under the federal Equal Pay Act. *See* Ex. D, Pl.'s Amend. Pet. at ¶ 59. Thus, there is no question that Perkins' lawsuit "arises" under federal law. *See, e.g., E.E.O.C. v. Hernando Bank, Inc.*, 724 F.2d 1188, 1192 (5th Cir. 1984) ("A suit brought under the Equal Pay Act is obviously an action arising under a law of the United States."); *Burke v. Prairie View A & M Univ.*, CIV.A. H-11-1749, 2011 WL 6130923, at *1 (S.D. Tex. Dec. 8, 2011) (federal district courts have jurisdiction over federal claims, including claims for Equal Pay Act violation); *cf Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 694-699 (2003) (recognizing that claims arising under the FLSA may be removed to federal district courts under § 1331); *Abeyta v. Libery Mutual Group, Inc. et. al.*, Civil Action No. SA-14-CV-533-XR, 2014 WL 3535215, at *2 (W.D. Tex. July 16, 2014) (discussing *Breuer* and extending it to permit removal of Family and Medical Leave Act claims that use the same statutory framework and have the same statutory language).

**B.     Court Has Supplemental Jurisdiction for the State Law Claim**

Removal of the state law defamation claim in the instant case is also appropriate because it arises from the same "case or controversy." 28 U.S.C. § 1367. In order for such supplemental jurisdiction to be proper, separate causes of action must arise from the same "common nucleus of operative facts." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Stated differently, determining whether claims arise from the same "common nucleus of operative facts"

requires a court to examine whether the claims arise from the "same course of conduct and events". *Kermode v. Univ. of Miss. Med. Ctr.*, 496 F. App'x 483, 491 (5th Cir. 2012). Where the underlying events leading to both claims arise from events "leading up to [a plaintiff's] termination", a court can conclude the claims arise from the same common nucleus of operative facts. *Id.* at 492.

In the instant case, Perkins has alleged that her federal Equal Pay Act claim is based on "discrimination of a continuous nature" that occurred during her employment. *See* Ex. D, Pl.'s Amend. Pet. at ¶ 60. Perkins also alleges that her name was published on the website of Argo Surety as a contact during her employment, but it was not removed at the time of her termination, thereby leading to her state common law claim of defamation. *See* Ex. D, Pl.'s Amend. Pet. at ¶¶ 51-52. Defamation claims, however, are assessed based on the actions of the defendant "at the time of publication," which was during Perkins' employment. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 173 (Tex. 2003). Furthermore, Perkins alleges that the supposed defamation—leaving her name on the website for allegedly three months after her termination—was done with malice and in bad faith, implying hostile or malicious acts concurrent with and subsequent to her termination of employment. *See* Ex. D, Pl.'s Amend. Pet. at ¶ 68. In this regard, both of her causes of action involve the "same course of conduct and events"—namely her employment and termination therefrom. As such, this Court has supplemental jurisdiction and can accept removal of Perkin's state law claim under 28 U.S.C. § 1367. *See, e.g. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988) (recognizing that federal courts have jurisdiction over state law defamation claim accompanying a federal ADEA discrimination claim); *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 342 (5th Cir. 2014) (unpublished), *cert. denied*, 135 S. Ct. 2814 (2015) (permitting state law defamation claim to proceed alongside Title VII discrimination claim under supplemental jurisdiction); *Hatch v. ABM Parking Servs., Inc.*, A-14-

CA-1094-SS, 2015 WL 433326, at *2 (W.D. Tex. Feb. 2, 2015) (denying motion to remand and stating that "[p]laintiff's causes of action for common-law defamation and for employment discrimination and retaliation under the TCHRA are prototypical of such claims filed in this Court....")

**C.     Removal is Procedurally Proper**

Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1446(a). The Southern District of Texas, Houston Division, embraces the place in which the removed action is pending, and it is where a substantial part of the events giving rise to Perkin's claims allegedly occurred.

Defendants Argonaut Insurance Company and Argo Group US, Inc. were served with a copy of the civil summons and Original Petition on July 8, 2016 by certified mail through its registered agent. Defendant Argonaut Management Services, Inc. was not a party to this lawsuit until the filing of Plaintiff's Amended Petition on August 4, 2016. Defendants accordingly timely filed this Notice of Removal within thirty days of service as required by 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(a), Defendants attach true and correct copies of Plaintiff's Original Petition (Ex. A), Citation and Affidavit of Service (Ex. B), Defendants Argonaut Insurance Company's and Argo Group US, Inc.'s General Denial and Defenses (Ex. C), Plaintiff's Amended Petition and Request for Disclosure (Ex. D), Defendant Argonaut Management Services, Inc.'s General Denial and Defenses (Ex. E), and State Court Docket Sheet (Ex. F), which constitute all process, pleadings, and orders served to date. Defendant also encloses a copy of its State Court Notice of Removal (Ex. G), which will be filed in the 334th Judicial District Court in Harris County, Texas.

Pursuant to 28 U.S.C. § 1446(d), promptly after this notice is filed, Defendants will serve

written notice of the filing of this Notice on Plaintiff.  Likewise, a true and correct copy of this Notice also will be filed with the clerk of the 334th Judicial District Court in Harris County, Texas, promptly after Defendants file this Notice.

### IV.   CONCLUSION & PRAYER

For the foregoing reasons, Defendants Argonaut Insurance Company, Argo Group US, Inc. and Argonaut Management Services, Inc. request this action be removed from the 334th Judicial District Court in Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

        Respectfully submitted,

         /s/ Christine E. Reinhard
        Christine E. Reinhard
        Texas Bar No. 24013389
        Southern District of Texas Bar No. 25545
        SCHMOYER REINHARD LLP
        17806 IH 10 West, Suite 400
        San Antonio, Texas 78257
        PH:  (210) 447-8033
        FX:  (210) 447-8036
        creinhard@sr-llp.com

        **ATTORNEY-IN-CHARGE FOR ARGONAUT INSURANCE COMPANY, ARGO GROUP US, INC., AND ARGONAUT MANAGEMENT SERVICES, INC.**

OF COUNSEL:
Shannon B. Schmoyer
Texas Bar No. 17780250
Southern District of Texas Bar No. 15891
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
PH:  (210) 447-8033
FX:  (210) 447-8036
sschmoyer@sr-llp.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing document was served *via CM/ECF* to:

        Marjorie A. Murphy
        *The Murphy Law Practice*
        3355 W. Alabama, Ste. 670
        Houston, Texas 77098
        Telephone: (832) 564-3804
        Fax: (832) 553-7441
        marjorie@themurphylawpracticc.com

on this 5th day of August, 2016.

        /s/ Christine E. Reinhard
        Christine E. Reinhard